# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CASE NO.:

KENDRICK E. DULDULAO,

    Plaintiff,

vs.

SUNSHINE RESTAURANT MERGER SUB, LLC,
a Delaware limited liability company d/b/a
INTERNATIONAL HOUSE OF PANCAKES
# 36314, and INTERNATIONAL RESTAURANT
VENTURES, LLC, a Florida limited liability
company,

    Defendants.
_____/

## COMPLAINT

Plaintiff, KENDRICK E. DULDULAO, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues SUNSHINE RESTAURANT MERGER SUB, LLC, a Delaware limited liability company d/b/a INTERNATIONAL HOUSE OF PANCAKES # 36314, and INTERNATIONAL RESTAURANT VENTURES, LLC, a Florida limited liability company (hereinafter, collectively the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred

1

to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, Middle Division pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in Hillsborough County, Florida.

3 At the time of Plaintiff's visit to INTERNATIONAL HOUSE OF PANCAKES # 36314, prior to instituting the instant action, KENDRICK E. DULDULAO (hereinafter referred to as "DULDULAO") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, and used a wheelchair for mobility, the Plaintiff personally visited INTERNATIONAL HOUSE OF PANCAKES # 36314, but was denied full and equal access to, and full and equal enjoyment of, the facilities within INTERNATIONAL HOUSE OF PANCAKES # 36314, which is the subject of this lawsuit.

4. The Defendants, SUNSHINE RESTAURANT MERGER SUB, LLC, a Delaware limited liability company d/b/a INTERNATIONAL HOUSE OF PANCAKES # 36314, and INTERNATIONAL RESTAURANT VENTURES, LLC, a Florida limited liability company, are authorized to conduct, and are conducting business within the State of Florida. Upon information and belief, SUNSHINE RESTAURANT MERGER SUB, LLC, is the lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as INTERNATIONAL HOUSE OF PANCAKES # 36314, located at 802 S. Dale Mabry, Tampa, Florida (hereinafter and heretofore referred to as "INTERNATIONAL HOUSE OF PANCAKES # 36314")

which also maintains and controls the Subject Facility. Upon information and belief, INTERNATIONAL RESTAURANT VENTURES, LLC, is the lessor, operator and/or owner of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the establishment commonly referred to as INTERNATIONAL HOUSE OF PANCAKES # 36314 located at 802 S. Dale Mabry, Tampa, Florida (hereinafter and heretofore referred to as "INTERNATIONAL HOUSE OF PANCAKES # 36314") which also maintains and controls the Subject Facility.

5. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located in Hillsborough County in the Middle District.

# COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, INTERNATIONAL HOUSE OF PANCAKES # 36314 is a place of public

accommodation in that it is a establishment which provides food, beverages and services to the public.

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

11. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

12. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at INTERNATIONAL HOUSE OF PANCAKES # 36314 in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

13. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at INTERNATIONAL HOUSE OF PANCAKES # 36314. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all the benefits, accommodations and services of the Defendants, SUNSHINE RESTAURANT MERGER SUB, LLC. Prior to the filing of this lawsuit, DULDULAO personally visited INTERNATIONAL HOUSE OF PANCAKES # 36314 with the intention of using Defendants' facilities, but was denied full and safe access to the

facilities of INTERNATIONAL HOUSE OF PANCAKES # 36314 and therefore suffered an injury in fact. As stated herein, the Plaintiff has visited the Subject Facility in the past, resides within a relatively short driving distance to said Subject Facility, and Plaintiff plans to immediately return to the Subject Facility, immediately upon it being made accessible. Notwithstanding Plaintiff's plans of immediate return, upon the Subject Facility being made accessible, Plaintiff is likely to be subjected to continuing discrimination at the Subject Facility unless it is made readily accessible to and usable by individuals with disabilities to the extent required by the ADA, including the removal of the architectural barriers which remain at the Subject Facility.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

    (i) Hostess stand is inaccessible height in violation of 28 C.F.R. Part 36.

    (ii) Failure to provide signage on the hostess stand in violation of 28 C.F.R. Part 36.

(iii) Failure to rearrange restroom stall partitions, walls and doors to provide sufficient accessibility and maneuvering space for individuals with disabilities as required by 28 C.F.R. Part 36, Section 4.17.

(iv) Failure to completely and properly insulate exposed hot water and abrasive drain pipes under restroom lavatories to prevent burns and scrapes as required by 28 C.F.R. Part 36, Section 4.19.4.

(v) Failure to install an accessible restroom mirror in compliance with 28 C.F.R. Part 36, Section 4.19.6.

(vi) Failure to provide coat hook on restroom stall door at accessible height in compliance with the requirements of 28 C.F.R. Part 36, Section 4.1.3(12), and Section 4.25.3.

(vii) Failure to provide a safe, accessible emergency exit, due to a step down at said emergency exit, without a compliant ramp and/or wheelchair lift, in violation of 28 C.F.R. Part 36.

16. Upon information and belief, there are other current violations of the ADA at INTERNATIONAL HOUSE OF PANCAKES # 36314. The discriminatory violations described above, in paragraph 15, are not an exclusive list of the ADA violations at the Subject Facility, and Plaintiff requires an inspection of the Subject Facility in order to determine all of the discriminatory acts violating the ADA.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The barriers to access at the Subject

Facility, as described above, have severely diminished Plaintiff's ability to avail himself of the goods and services offered at the Subject Facility, and compromise his safety.

18. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA;

B. The Court enter an Order requiring the Defendants to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

C. The Court enter an Order directing the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D. The Court award reasonable attorney's fees, all costs(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E. The Court award such other and further relief as it deems necessary, just and proper.

Dated this 23rd day of June, 2011.

Respectfully submitted,

By: _____
B. Bradley Weitz, Esq.
Florida Bar No. 479365
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877
Email: bbw@weitzfirm.com