UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDRICK E. DULDULAO,

        Plaintiff,

                        Case No.: 8:11-cv-1412-T-33MAP

v.

SUNSHINE RESTAURANT MERGER SUB,
LLC, d/b/a International House of
Pancakes #36314 and INTERNATIONAL
RESTAURANT VENTURES, LLC,

        Defendants.
_____/

**ORDER**

This matter is before the Court upon consideration of
Defendant Sunshine Restaurant Merger Sub, LLC's Motion for
Summary Judgment (Doc. # 10), which was filed on August 8,
2011. Plaintiff Kendrick E. Duldulao filed a Response (Doc.
# 16) on September 12, 2011, and Sunshine Restaurant Merger
filed a Reply (Doc. # 21) on September 23, 2011. Also before
the Court is Defendant International Restaurant Ventures,
LLC's Motion for Summary Judgment (Doc. # 34), filed on
November 17, 2011, and Duldulao's Response (Doc. # 37), filed
on November 28, 2011. For the reasons that follow, the Court
denies the Motions for Summary Judgment without prejudice as
prematurely filed.

I.  **Background**

On June 24, 2011, Duldulao initiated this Americans with

Disabilities Act case against Defendants, the owners and/or operators of an International House of Pancakes restaurant located at 802 S. Dale Mabry Highway, Tampa, Florida. (Doc. # 1). Duldulao uses a wheelchair for mobility and alleges that he "was denied full and equal access to, and full and equal enjoyment of" Defendants' restaurant. Id. at ¶ 3. Duldulao alleges that he lives within a short driving distance of the restaurant and plans to return to the restaurant but will "be subjected to continuing discrimination at the Subject Facility unless it is made readily accessible to and usable by individuals with disabilities to the extent required by the ADA, including the removal of the architectural barriers which remain at the Subject Facility." Id. at ¶ 13.

Duldulao specifically identified the following alleged ADA violations in the Complaint: inaccessible hostess stand; failure to provide signage on the hostess stand; failure to arrange restroom with sufficient accessibility and maneuvering space; failure to insulate exposed hot water and abrasive drain pipes in restroom to avoid burns and scrapes; inaccessible restroom mirror; inaccessible coat hook; and unsafe emergency exit. Id. at ¶ 15. Duldulao indicated that these alleged violations of the ADA were "not an exclusive list of the ADA violations at the Subject Facility, and

2

Plaintiff requires an inspection of the Subject Facility in order to determine all of the discriminatory acts violating the ADA." Id. at ¶ 16.

On June 28, 2011, the Court issued its ADA Scheduling Order. (Doc. # 3). Therein, the Court suspended discovery, required the exchange of expert reports, required Duldulao to answer interrogatories, and set a status conference for January 20, 2012, among other things. On August 18, 2011, prior to any discovery taking place, Sunshine Restaurant Merger filed its Motion for Summary Judgment, which International Restaurant Ventures adopted.[1] Defendants argue that each and every alleged violation of the ADA mentioned in the Complaint has been remedied or did not exist in the first place.[2] Duldulao, on the other hand, requests the opportunity to conduct discovery so that he may ascertain the state of the facility, including whether the facility stands in compliance

---

[1] International Restaurant Ventures adopted Sunshine Restaurant Merger's Motion for Summary Judgment (Doc. # 10) as its own Motion for Summary Judgment (Doc. # 34). Therefore, separate analysis for each Motion for Summary Judgment is not required.

[2] In addition, Defendants contend that Duldulao's expert report should be stricken because Duldulao's expert is operating under a conflict of interest. That contention has been fully briefed in Defendants' respective Motions to Strike Inspection Report (Doc. ## 17, 35), and will be addressed separately.

with the ADA.

## II.  Analysis

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, "show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  As stated in Blumel v. Mylander, 919 F. Supp. 423, 428 (M.D. Fla. 1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery."  Furthermore, the Eleventh Circuit has determined that "summary judgment may only be decided upon an adequate record." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988).

The Eleventh Circuit expounded:

[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.  The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits.  If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials.  Generally summary judgment is inappropriate when the party opposing the motion

4

has been unable to obtain responses to his
discovery requests.

Id. at 870 (internal citations omitted).

Duldulao points out that he has not had a meaningful
opportunity to develop the facts through discovery and
essentially contends that Defendants' Motions for Summary
Judgment constitute an attempt to short-circuit his
ability—and the Court's ability—to probe the material facts.
Duldulao also identifies discovery that he seeks to conduct,
specifically, an inspection of the restaurant pursuant to Rule
34(a)(2), Fed.R.Civ.P., in order to develop his response in
opposition to Defendants' Motions for Summary Judgment.

Upon due consideration, the Court determines that
Defendants' Motions for Summary Judgment should be denied as
premature.  The court reached a similar result in Blumel, 919
F.Supp. at 423.  There, the plaintiff filed a motion for
summary judgment "when discovery just began." Id. at 429.  The
court denied the motion for summary judgment as "blatantly
premature" after finding that "there has been inadequate time
for discovery." Id.  The court explained, "If the Court were
to rule on the merits of [the plaintiff's] motion, such ruling
would frustrate the [defendants'] right to factually
investigate." Id.; see also Rule 56(d)(providing for discovery

5

where a non-movant cannot present facts essential to justify its opposition to the summary judgment motion); <u>Royal Oak Enters., LLC v. Nature's Grilling Prods.</u>, Case No. 1:10-cv-2494-JEC, 2011 U.S. Dist. LEXIS 133856, at *9 (N.D. Ga. Nov. 21, 2011) ("Depending on the evidence that is developed during discovery, defendant may ultimately prevail on its motion for summary judgment.  However, at this stage in the litigation, the motion is clearly premature.").

The Court determines that the Motions for Summary Judgment are prematurely filed and denies the Motions without prejudice.  After the parties have had the opportunity to engage in discovery, Defendants may reassert the arguments contained in the Motions for Summary Judgment.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Sunshine Restaurant Merger Sub, LLC's Motion for Summary Judgment (Doc. # 10) and Defendant International Restaurant Ventures' Motion for Summary Judgment (Doc. # 34) are **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of December 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6

Copies: All Counsel of Record